THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| XEROX FINANCIAL SERVICES, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil No. DRM-23-cv-3493 |
| | * | |
| JP1 ENTERPRISES, INC. d/b/a, | * | |
| JP ENTERPRISES, also d/b/a SELECT | * | |
| PRINTING AND COPYING, et al., | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiff Xerox Financial Services, LLC ("XFS"), seeks reconsideration of the Honorable Julie R. Rubin's Order, ECF No. 29, granting in part Defendants' Motion to Dismiss, insofar as the Order dismissed Select Printing LLC as a defendant in this case. *See* ECF No. 28 (Memorandum Opinion).[1]

Plaintiff's Amended Complaint, ECF No. 20, alleges that Select Printing is the "successor in interest" to Defendant JP1 Enterprises, Inc. ("JP1 Enterprises"), and that Select Printing should therefore be held liable for JP1's debt allegedly owed to XFS. Judge Rubin determined that, in light of the reinstatement of JP1 Enterprises' District of Columbia business registration to its pre-revocation status, Select Printing was not subject to successor liability, and dismissed it from the case. ECF No. 28 at 8.

---

[1] Subsequent to Judge Rubin's resolution of the Motion to Dismiss, this case was referred with the consent of the parties to United States Magistrate Judge Erin Aslan for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. ECF No. 46. The case was reassigned to the undersigned on April 8, 2025.

1

Plaintiff brings this Motion for Reconsideration, ECF No. 62, citing what it claims is new evidence revealed in discovery that establishes plausible bases for establishing Select Printing's successor liability. After considering Plaintiff's Motion and the response thereto (ECF No. 63), the Court finds that no hearing is necessary. Loc.R. 105.6. For the reasons stated herein, Plaintiff's Motion for Reconsideration is DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

This action arises from a 60-Month lease agreement for a Xerox machine (the "Lease") executed on November 28, 2018, between Lessee JP1 Enterprises, identified in the Lease as "JP Enterprises DBA Select Printing and Copying," and Lessor Nauticon Office Solutions ("Nauticon"). ECF No. 20-4. Defendant Frank Friedlieb signed the Lease in his capacity as President of JP1 Enterprises. *Id.* The Lease contained, *inter alia*, an assignment provision that permitted the Lessor to "sell, assign, or transfer" the Lease, an acceleration provision that permitted the Lessor to "declare the entire balance of the unpaid Lease Payments for the full term immediately due and payable" upon the Lessee's default (as defined by the Lease), and a choice of law provision specifying that the Lease is governed by Maryland law. ECF No. 20-4 ¶¶ 8, 15, 21. In accordance with the assignment provision, Nauticon assigned the Lease to Plaintiff in November of 2018. ECF No. 20 ¶ 15.

At some point prior to April of 2021, JP1 Enterprises defaulted on its Lease payment obligations. *Id.* at ¶ 16. Plaintiff accelerated JP1 Enterprises' financial Lease obligations

---

[2] As it did in resolving the Motion to Dismiss, the Court accepts as true all well-pled facts set forth in the Amended Complaint for purposes of resolving the Motion for Reconsideration. (ECF No. 20.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

by sending an invoice to JP1 Enterprises on April 1, 2021, for the full amount due on the Lease. ECF No. 20-5. To date, Defendants have not paid the amount Plaintiff asserts is due. ECF No. 20 ¶ 21.

Plaintiff initiated this action on December 22, 2023. ECF No. 1. At that time, JP1 Enterprises' business license with the District of Columbia had been revoked. ECF No. 1 ¶ 2; ECF No. 20 ¶¶ 2, 13. After revocation of its D.C. registration to do business, Defendant Friedlieb allegedly continued to conduct the business, and "utilize the assets," of JP1 Enterprises "as a sole proprietor," "under the name Select Printing and Copying" and/or "as Select Printing, LLC." ECF No. 20 ¶¶ 3, 13.

On February 15, 2024, Plaintiff filed the Amended Complaint, asserting two claims against all Defendants: breach of contract (Count I) and, alternatively, quantum meruit/unjust enrichment (Count II). *Id.* Prior to the February 28, 2024, filing of Defendant's Motion to Dismiss, JP1 Enterprises' business license had been reinstated with an effective date August 13, 1993. ECF Nos. 24-2, 24-3. In dismissing Select Printing as a defendant, Judge Rubin noted in her Memorandum Opinion that the Amended Complaint "seemingly relies upon a 'mere continuation' theory of successor liability," ECF No. 28 at 8, and held that:

> The sole basis Plaintiff advances in its Amended Complaint for imposition of successor liability is that Select Printing continued JP1 Enterprises' business after revocation of its business license. As set forth above, JP1 Enterprises' business license has since been reinstated to its pre-revocation status. See D.C. CODE ANN. § 29-106.03 and MD. CODE ANN., CORPS. & ASS'NS § 3-512, *supra*. Therefore, the basis upon which Plaintiff asserts successor liability has been rendered moot, or rather cured.

ECF No. 28 at 8.[3]

## DISCUSSION

### A. Standard of Review

Motions for reconsideration of orders that do not constitute final judgments in a case are governed by Federal Rule of Civil Procedure 54(b).[4] *Fayetteville Inv. v. Com. Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); *In re Marriott Intl. Inc.*, MDL No. 19-md-2879, 2021 WL 1516028, at *2 (D. Md. Apr. 16, 2021). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time." Consequently,

> motions for reconsideration of orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment, but instead, are *committed to the discretion of the district court*. Thus, whereas reconsideration of final judgments are appropriate only (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice, *reconsideration of interlocutory orders can be based on many other rationales*. These rationales include those listed above, and the rationale of accommodating judicial mistake, inadvertence, surprise or excusable neglect; or any other reason justifying relief from the operation of the judgment.

*Nat'l Cas. Co. v. Lockheed Martin Corp.*, Civ. No. AW-05-1992, 2010 WL 1490027, at *2 (D. Md. April 12, 2010) (cleaned up) (emphasis added). These motions are not,

---

[3] Plaintiff had also argued for the first time in its Opposition to the Motion to Dismiss that JP1 Enterprises' business "could potentially have been divided or transferred." Judge Rubin explained that this argument was not properly before the Court, ECF No. 28 at 8, n1, but even had it been, there were no facts in the Amended Complaint to support it. *Id.* at 8.

[4] Plaintiff cites to Rule 59(b), ECF No. 62 at 2, but the substance of its motion makes clear that it is seeking relief under Rule 54(b).

however, "the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013) (citation omitted); *see also Cytlmmune Scis., Inc. v. Paciotti*, No. PWG-16-1010, 2016 WL 6879942, at *2 (D. Md. Nov. 22, 2016) (A motion for reconsideration "is not a license for a losing party's attorney to get a second bite at the apple." (citation omitted)).

Furthermore, the Fourth Circuit has noted that, where a motion for reconsideration is filed with a judge who did not decide the original motion, the latter judge "should be hesitant to overrule the earlier determination." *See Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (citing *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1460 n.24 (5th Cir. 1992)).

**B. Analysis**

Plaintiff makes two central arguments for reconsideration: 1) that new evidence revealed during discovery demonstrates Select Printing's successor liability under the "mere continuation" theory; and 2) alternatively, that JP1 Enterprises and Select Printing engaged in a fraudulent conveyance to evade JP1 Enterprises' creditors. ECF No. 62 at 3-8. In response, Defendant Select Printing argues that the Court's original rationale for dismissal remains correct; that the new allegations raised in the Motion for Reconsideration are not the same bases for successor liability alleged in the Amended Complaint; that Plaintiff has omitted or misrepresented evidence which would defeat its theory of successor liability; and that Plaintiff's allegations as to fraudulent conveyance are both improperly raised for the first time in the Motion for Reconsideration, and without factual support.

5

ECF No. 63 at 2-7.

The Court will deny Plaintiff's Motion for Reconsideration. As noted above, a motion for reconsideration is not a proper place to relitigate a losing argument, or for a party to get a "second bite at the apple" after an unfavorable decision. *See, e.g.*, *CytImmune Scis., Inc.*, 2016 WL 6879942, at *2. Additionally, the Fourth Circuit has noted that when the current judge did not decide the original motion, as is the case here, the Court should be hesitant to overrule that earlier determination. *See Carlson*, 856 F.3d at 326.

Moreover, Judge Rubin's rationale for dismissing Select Printing as a defendant remains intact. The Motion for Reconsideration is premised on evidence uncovered via discovery, primarily deposition testimony, that is not properly before the Court in the context of a motion to dismiss. Generally, a court will not consider evidence outside of a complaint when reviewing a 12(b)(6) motion. One exception to this rule involves "documents integral to and relied upon in the complaint, . . . so long as the plaintiff does not question their authenticity." *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021). "An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). A court may also properly take judicial notice of matters of public record, including publicly available information on state and federal government websites. *U.S. v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). The new evidence presented by Plaintiff does not fall into either category.

The facts before the Court are therefore no different than they were when Judge

6

Rubin considered the Motion to Dismiss. The Amended Complaint asserts a single theory of successor liability: "mere continuation"—i.e. that Select Printing continued JP1 Enterprises' business after revocation of the latter's business license. *See Martin v. TWP Enterprises Inc.*, 227 Md. App. 33, 49-50 (2016) (citing *Baltimore Luggage Co. v. Holtzman*, 80 Md. App. 282, 290 (1989)). But once that business license was reinstated to its pre-revocation status, "the basis upon which Plaintiff asserts successor liability [was] rendered moot, or rather cured." ECF No. 28 at 8.

Plaintiff now raises for the first time an alternative theory of successor liability—fraudulent conveyance. *See Martin*, 227 Md. App. at 49-50 (recognizing exception to general rule against successor liability where transaction between predecessor and successor corporation "is entered into fraudulently to escape liability for debts" (citing *Baltimore Luggage*, 80 Md. App. at 290.)) Plaintiff now alleges that Select Printing purchased JP1 Enterprises' assets with nominal or inadequate consideration. ECF No. 62 at 3. Specifically, Plaintiff takes issue with the fact that an independent appraisal was not carried out before this transfer, and that Select Printing purchased the equipment for $12,000. *Id.* at 4.

Once again, this theory is not properly before the Court where the Amended Complaint contains no allegation of a fraudulent conveyance between JP1 Enterprises and Select Printing, and where Plaintiff's new evidence does not fall within any category that the Court could consider at the Motion to Dismiss stage.

Accordingly, Plaintiff's arguments are insufficient to warrant revisiting the Court's prior decision, and the Court will DENY Plaintiff's Motion for Reconsideration. The Court

notes, however, that Judge Rubin's Order dismissed Select Printing without prejudice, ECF No. 29 at 1. Plaintiff is therefore not barred from moving for leave of Court, or seeking Defendants' consent, to file a Second Amended Complaint naming Select Printing under a different or clarified theory of successor liability.[5]

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Plaintiff's Motion for Reconsideration (ECF No. 62) is DENIED. A separate Order will follow.

Date: __7/8/2025_____                    _____
                                                 Douglas R. Miller
                                                 United States Magistrate Judge

---

[5] In the Conclusion to the motion, Plaintiff requests that the Court "grant this Motion for Reconsideration, vacate its prior Order dismissing Select Printing, LLC, and reinstate Plaintiff's claims against Select Printing for further proceedings *and permitting XFS to file an Amended Complaint identifying Select Printing as a Defendant consistent with the discovery in this matter*." ECF No. 62 at 7 (emphasis added). The Court declines to construe the Motion for Reconsideration as a motion in the alternative for leave to amend because Plaintiff has not addressed whether the standard is met for such relief under Fed. R. Civ. P. 15(a)(2), nor have Defendants had the opportunity to respond to such arguments.